IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Sherqutha Nicole Horn                                    Case No. 25-51609-KMS
, Debtor                                                                              CHAPTER 13

**Sherqutha Nicole Horn, Plaintiff**

v.                                                                                          AP No. _____

**US DEPARTMENT OF EDUCATION, Defendant**

### Debtor's Complaint to Determine Federal Student Loans Dischargeable For "Undue Hardship" Under 11 U.S.C. § 523(a)(8)

### Nature of Action

1. This is an adversary proceeding by which the Debtor seeks a declaration that Federal student loans constitute an undue hardship for the Debtor and should be discharged pursuant to Section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On October 28, 2025, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Mississippi for relief under Chapter 13 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

### Parties

6. Plaintiff, Sherqutha Nicole Horn, is the Debtor in the above captioned case. They are the recipient of Federal student loans.

7. Defendant, United States Department of Education, is a Federal agency that oversees and originates Federal student loans. It is the originator and holder of the loans at issue. Defendant can be served at:

    a. US Department of Education, 400 Maryland Ave SW, Washington, D.C. 20202;

    b. US Department of Education, c/o US Attorney, 501 E Court St, Ste 4.430, Jackson, MS 39201; and

    c. US Department of Education, c/o US Attorney General, USDOJ, 950 Pennsylvania Ave NW, Washington, D.C. 20530.

## Factual Allegations

8. Plaintiff is a resident of Heidelberg, Jasper County, Mississippi. She is 43 years old and her household consists of herself and two (2) dependents, ages 8 and 19.

9. Plaintiff has federal student loans held by the U.S. Department of Education that have been consolidated into two Direct Consolidation Loans. As of the most recent data, the outstanding balances consist of:

   i) Direct Consolidation Unsubsidized Loan with principal of approximately $25,805.67; and
   ii) Direct Consolidation Subsidized Loan with principal of approximately $24,316.69;
   for a total federal student loan balance of approximately $59,122.64.

10. The underlying loans were originally incurred between approximately 2008 and 2012 while Plaintiff attended Jones County Junior College, the University of Southern Mississippi, and Mississippi Gulf Coast Community College. The consolidated loans entered repayment more than ten years ago.

11. The standard repayment amount on Plaintiff's federal student loans would require a monthly payment far in excess of her ability to pay based on her current household income and necessary living expenses.

12. Plaintiff is unable to afford the standard repayment amount because, after accounting for her reasonable and necessary household expenses, she has no disposable income available to make meaningful payments toward her federal student loans.

13. Plaintiff has been out of school for more than ten years, having last attended Mississippi Gulf Coast Community College and received an Associate's Degree in Nursing in May 2015.

14. Plaintiff has made good-faith efforts to repay her loans throughout the repayment period. Her loan history reflects multiple attempts to remain in repayment, including prior enrollment in repayment plans, periods of forbearance and deferment due to hardship, and communication with servicers regarding repayment options.

15. Over the life of her student loans, Plaintiff has made payments toward her obligations, and her consolidated loan history reflects longstanding efforts to manage her debt despite limited financial resources.

16. Plaintiff obtained the education for which the loans were incurred and is employed as a Registered Nurse; however, her current income is not sufficient to make substantial payments on the loans, and her earning capacity is unlikely to increase to a level that would allow repayment.

17. Plaintiff filed bankruptcy in order to stabilize her financial circumstances and maintain a minimal standard of living for herself and her household. Continued repayment of her student loan obligations would impose an undue hardship and prevent her from meeting basic living needs.

18. Plaintiff has maximized her income and minimized her expenses as much as reasonably possible, and her financial circumstances leave no room for significant loan repayment.

19. Plaintiff's employment situation and income level are unlikely to materially improve over a significant portion of the repayment period, making repayment of the federal student loans impracticable.

20. Plaintiff's personal, financial, and household circumstances prevent her from taking on additional employment or generating additional income sufficient to make payments toward her federal student loans.

**Claims for Relief**

*Declaration that Any Federal Student Loan Obligations Should be Discharged Pursuant to Section 523(a)(8)*

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. The repayment of Federal student loans made to Plaintiff would be an undue hardship to her.

23. As a result, Plaintiff's Federal student loan obligation should be discharged pursuant to 11 U.S.C. § 523(a)(8).

WHEREFORE, the Plaintiff demands judgment declaring that her Federal student loan is discharged pursuant to Bankruptcy Code section 523(a)(8).

Dated this November 20, 2025.

Respectfully Submitted,
/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer Ann Curry Calvillo (MSBN 104367)
The Rollins Law Firm
P.O. Box 13767
Jackson MS 39236
Tel: 601-500-5533
Fax: 501-500-5296
jennifer@therollinsfirm.com
trollins@therollinsfirm.com